NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DISTRICT
PIKEVILLE

CIVIL ACTION NO. 07-CV-136-GFVT

COURTNEY BUTLER                                                                    PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, Warden                                                RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is ripe for a decision on the merits, Petitioner Butler's warden has now filed a response to his petition.

BACKGROUND

Courtney Butler was incarcerated at the United States Penitentiary-Big Sandy (USP-Big Sandy), in Inez, Kentucky, when he filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. After transfer of the case to this Court for proper venue and Petitioner's payment of the $5.00 District Court filing fee, the Court screened the petition and issued a Memorandum Opinion and Order. In that Order of August 22, 2007, this Court summarized his allegations, dismissed several of his claims, *sua sponte*, without prejudice, and directed the Respondent to answer the one surviving claim.

The remaining claim was based on the following allegations, which the Court summarized in the same Order:

> Butler states that he was arrested on July 22, 1996, by both federal and state officials. He claims that therefore, "due to simultaneous custody by the State

of Tennessee and Federal Officials," he is entitled to credit toward his federal sentence for all time spent in custody from that date. Petition at 21.

Petitioner's Judgment of Conviction in the ensuing federal case shows that he pled guilty to Count 5, armed bank robbery and aiding and abetting, of a multi-count indictment in *United States v. Butler*, Criminal Case Number 97-20030-003, in the United States District Court for the Western District of Tennessee, Western Division. Appendix [hereinafter "App." followed by the appendix page number(s)] 8-12.

. . . On April 13, 1998, Butler was sentenced to 235 months imprisonment. *Id.* Westlaw research reveals the details of the crime, the challenges which he made on appeal, and the fact that the conviction and sentence were affirmed by the Circuit Court. *United States v. Butler*, 207 F.3d 839 (6th Cir. 2000). The trial court docket shows that he did not file a motion to vacate pursuant to 28 U.S.C. 2255, however.

Petitioner alleges that one week after his federal sentence was imposed, on April 21, 1998, he was sentenced in state court and that court ordered its sentence to run concurrently with the federal sentence. Petitioner contends that the BOP's refusal to give him credit for jail time from the July 22, 1996, arrest date destroys the concurrent aspect of the sentences ordered. He argues that "[t]he Bureau of Prisons cannot circumvent the State Court's intention of concurrent sentences by refusing to give credit for jail-time." Also, because federal prisoners are not supposed to serve their federal sentences "piecemeal," the BOP's action, by giving him credit for a portion of this time, then stopping the credits, and then begin crediting his sentence again at the time of his commitment to the BOP, is illegal.

Petitioner's appendix at pages 17-33 includes several of the documents exchanged between Butler and BOP officials as he brought his challenge to the BOP's sentence computation through its administrative remedy procedures. The documents which he has provided show that he evidently pursued the matter twice administratively, the last time resulting in the February 17, 2005, response of the National Office, denying his appeal therein. After a lapse of more than two years, he is now in this Court with the request that the BOP be ordered to give him the jail credits beginning on July 22, 1996.

The administrative documents show that the Petitioner claimed then as now, that at sentencing, the United States District Court for the Western District of Tennessee ordered that he be given credit for all time spent in custody prior to the date of sentencing and the judge will back him up on this. He has also written that a BOP document given him in the administrative process "shows that no

> crediting of any time in custody prior to the imposition of sentencing [*sic*] was applied to my federal term of imprisonment but that this pre-sentence time was incorrectly applied to the state sentence. This was not the order of the court in either case." App. 19.
>
> . . .

Record No. 6. The Court ordered the Respondent to file an Answer to Petitioner's claim that he is entitled to prior custody credit toward his federal sentence for time spent in state custody beginning with his arrest on July 22, 1996.

## WARDEN'S RESPONSE

The Respondent insists that the BOP's calculation of Butler's federal sentence is correct. In Support, she provides a supporting Declaration and attached exhibits, which the Court has ordered kept under seal. [Record No. 10]

It is the warden's position that Petitioner's arrest on July 22, 1996, was by Tennessee authorities, as Butler was not even indicted on the federal charges until the following year, on February 19, 1997. He insists that Petitioner remained in primary state custody until he was relinquished to federal custody at the completion of service of his state sentence. Although Butler was removed from state to federal custody several times, these moves were all pursuant to writs of *habeas corpus ad prosequendum*, and he was promptly returned to state custody each time.

Petitioner was not relinquished from state custody until October 5, 2000, when he was transferred to the United States Marshal Service's custody to begin service of his federal term of imprisonment. This would ordinarily be the date of commencement of his federal sentence under 18 U.S.C. § 3585(a). However, because one charge in state court was nolle prossed, the State

3

determined that all of his prior custody credits applied to his 2-year state term, his release from that imprisonment actually occurred much earlier, on January 30, 1998. Consistent therewith, the BOP designated the Tennessee Department of Corrections as the place for his service of the federal sentence from the date of imposition of the sentence, April 3, 1998, so that credit toward his federal sentence could commence on that date, not the October 5, 2000 date.

As to the time which Butler spent in state custody prior to the April 3, 1998, Respondent reveals that prior custody credit was, in fact, applied to his federal sentence for the time period from January 31, 1998, through April 2, 1998, *i.e.*, the day after his actual release date from the 2-year state term through the day before his commencement of the federal sentence. However, credit for time spent in custody from Petitioner's arrest on July 22, 1996 through January 30, 1998, had been credited toward service of his state sentence. Therefore, Respondent contends, Butler is not entitled to credit for this time because under 18 U.S.C § 3585(b), a prisoner is permitted federal credit only for time spent in prior custody "that has not been credited against another sentence." *Id*.

Not only is Butler not entitled to any additional credit toward his federal sentence, in fact, application of credit to the time which Petitioner seeks, from the date of his arrest, would purportedly be "in violation of the double credit prohibition of 18 U.S.C. § 3585(b)." Accordingly, Respondent asks that the instant petition be denied.

### PETITIONER'S REPLY

While this matter was pending this Court's consideration and decision, Petitioner submitted two more documents intended to be a supplement to his petition. These are his federal Criminal Judgment and a BOP print-out, both of which show the date of his offense to be July

4

22, 1996. He continues to contend that his arrest on this date was by federal authorities, and he insists that he "never left" this federal custody. Therefore, Butler claims, he is entitled to federal credit for all of the time spent incarcerated after July 22, 1996.

## DISCUSSION

Regardless of who assumed primary custody of Petitioner on July 22, 1996, certain black letter law bars the credits which the Petitioner seeks herein. The Respondent is correct that the date a prisoner's federal sentence commences and the permissible credits he may be awarded for time in custody prior to commencement of that sentence have both been dictated by Congress.

18 U.S.C. § 3585, **Calculation of a term of imprisonment**, first provides as follows:

> (a) **Commencement of sentence**. – A sentence to a term of imprisonment commences on *the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily *to commence service of the sentence* at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a) (emphasis added). By designating the Tennessee Department of Corrections as the place for Petitioner to begin serving his federal sentence, the BOP has already pushed back the commencement date for calculating Petitioner's sentence to April 3, 1998, when that sentence was imposed.

For prior custody credits toward his federal sentence, such as the Petitioner's request for credit for the time period from his arrest to the April 3, 1998 date, the second subsection of the same statute controls. In it, Congress has allowed credits for time spent in custody prior to the official commencement date, but prior custody credit is limited, as follows:

> (b) **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention prior to the date the sentence commences*--

5

>(1) as a result of the offense for which the sentence was imposed; or
>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

The parties agree that Petitioner was in official detention, in State facilities, from his arrest on July 22, 1996, until his federal sentence commenced on April 3, 1998. This time, however, breaks into two separate and distinct parcels, one for which he was given prior custody credit and one for which he was denied. Tennessee gave him credit toward his state sentence for the time from his arrest on July 22, 1996, until his actual completion date of the state term, January 30, 1998. Since this time in custody has been "credited against another sentence," Butler is barred from receiving prior custody credits toward his federal sentence for this time, under 18 U.S.C. § 3585(b).

Petitioner was also in official detention, still in State facilities, for the January 31st through April 2nd time period and this time was not credited toward his Tennessee sentence. Therefore, the Petitioner is entitled to, and the BOP has already granted him, prior custody credits for this time period.

In short, Petitioner has received all of the prior custody credits to which he is entitled. His insistence that this arrest was by federal authorities and the date of the occurrence of his federal crimes does not change this result. He was convicted of both state and federal crimes, received both state and federal sentences, and was granted credit toward the federal sentence for all time in incarceration which was not credited to his state term, all as the law allows.

The Court finds that the BOP's calculation of Butler's sentence is correct, and the Petitioner is not entitled to any additional prior custody credits, as any such award would amount to impermissible "double dipping." This result is also consistent with earlier decisions handed down in this Court. *See High v. Stine*, 2007 WL 38377 (E.D. Ky. 2007) (unpublished) and *Hayes v. Patton*, 2006 WL 2375609 (E.D. Ky. 2006) (unpublished).

CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED**, as follows:

(1) Petitioner Courtney Butler's petition for writ of habeas corpus is **DENIED**;

(2) the claims asserted herein are **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 1st day of November, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge